UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES THEO CLARK,

        Plaintiff,

        v.

MENDOCINO COUNTY SHERIFF'S OFFICE,

        Defendant.

No. C 15-1882 NC (PR)

**ORDER OF DISMISSAL**

Plaintiff James Theo Clark, a California state prisoner or pretrial detainee proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983.[1] Plaintiff is granted leave to proceed *in forma pauperis* in a separate order. For the reasons stated below, the complaint is dismissed for failure to state a cognizable claim.

**DISCUSSION**

**I.  Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

---

[1] Plaintiff has consented to magistrate judge jurisdiction. (Compl. at 4.)

28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. Plaintiff's Claim

According to the complaint, during a search of Plaintiff's cell, officers of the Mendocino County Sheriff's Office took Plaintiff's personal books and misplaced them.  Neither Plaintiff nor the officers know what happened to the books or where they could be.  Plaintiff requests either the return of his books or monetary compensation.

However, neither the negligent nor intentional deprivation of personal property states a due process claim under Section 1983 if the deprivation was random and unauthorized.  *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property).  The availability of an adequate state post-deprivation remedy, e.g. a state tort action, precludes relief because it provides adequate procedural due process.  *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986).  California law provides an adequate post-deprivation remedy for any property deprivations.  *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).  Nor is a prisoner protected by the Fourth Amendment against the seizure or loss of his property.  *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989).  Here, Plaintiff's allegations involve an allegedly negligent or intentional failure to inventory or maintain his personal property, which resulted in its unauthorized deprivation.  Because such a claim is not cognizable under Section 1983, it is DISMISSED.  Because no amount of amendment would cure the deficiency, the dismissal is without leave to amend.

## CONCLUSION

The complaint is DISMISSED with prejudice.  The Clerk shall close the file and enter

judgment.

IT IS SO ORDERED.

DATED: August 21, 2015

NATHANAEL M. COUSINS
United States Magistrate Judge